UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WCP SOLAR SERVICES LLC, | ) | CASE NO. 22-07424 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, October 19, 2022, at 10:00 a.m.**, I will appear electronically before the Honorable David D. Cleary or any judge sitting in that judge's place and present the motion of the **United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C 1112(b)**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the **passcode** is **Cleary644**. Additional information can be found on Judge Cleary's webpage on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Trial Attorney
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604
(312) 886-5785

## CERTIFICATE OF SERVICE

      I, Jeffrey L. Gansberg, Trial Attorney, certify that on September 27, 2022, I caused to be served copies of the **Notice of Motion and Motion of the United States Trustee to Dismiss or Convert Case Pursuant to 11 U.S.C 1112(b)** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                                        */s/ Jeffrey L. Gansberg*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

- Paul M. Bach      paul@bachoffices.com
- Penelope N. Bach      pnbach@bachoffices.com
- Matthew Brash      mbrash@newpointadvisors.us
- William W. Thorsness      wthorness@vedderprice.com
- Timothy R. Herman      therman@clarkhill.com
- Brian R. Zeeck      bzeeck@hinshawlaw.com
- Michelle G. Novick      Michelle.Novick@saul.com
- T. Scott Leo      sleo@leolawpc.com
- William S. Piper      wpiper@leolawpc.com
- Michael J. Weber      Michael.weber@dinsmore.com

**Parties Served via U.S. First Class Mail:**

Graybar Electric Company, Inc. | |||||undeliverable
Great American Insurance Company | |||||undeliverable
Philadelphia Indemnity Insurance Company | |||||undeliverable
Saul Ewing Arnstein & Lehr LLP | |||||undeliverable
Steiner Electric Company |c/o Tim Herman|Clark Hill PLC|130 E. Randolph Street|Suite 3900|Chicago, IL 60601-6317|
Therafin Corporation | |||||undeliverable
WCP Solar Services LLC |1057 Shore Rd|Naperville, IL 60563-8758||||
24-Hour Worship, Inc. |1057 Shore Rd|Naperville, IL 60563-8758| |||
ADP, LLC |PO Box 842875|Boston, MA 02284-2875| |||
Al Busano |5 Quincy Circle|Barrington, IL 60010-5325| |||
Amur Equipment Finance |PO Box 2555|304 W. 3rd St|Grand Island, NE 68801-5941| ||
Anupam Awasthi |2523 Brookstone Ct|Aurora, IL 60502-9450| |||
Arthur J. Gallagher Risk Management |39735 Treasury Center|Chicago, IL 60694-9700| |||
Arwood Waste Team |16144 N. Main St|Jacksonville, FL 32218-1410| |||
Asad Bajwa |1132 Chadwick Ct|Aurora, IL 60502-9469| |||
Ascentium Capital |23970 US Highway 59 North|Kingwood, TX 77339| |||
BCBS of Illinois |PO Bix 650615|Dallas, TX 75265-0615| |||
Bala Swaminathan |1401 Greenlake Dr|Aurora, IL 60502-1354| |||

Beacon Funding Corp. |28 Lord Rd|Marlborough, MA 01752-4576| |||
Beacon Sales Acquisitions |c/o Teller Levit & Silvertrust, PC|19 S. LaSalle St, Suite 701|Chicago, IL 60603-1431| ||
Big John Portable Toilets |PO Box 5|Oregon, IL 61061-0005| |||
Brian Gravenhorst |3167 Savannah Dr|Aurora, IL 60502-8693| |||
Brian Ledebuhr |Vedder Price, P.C.|222 N. LaSalle St, Suite 2300|Chicago, IL 60601-1104| ||
Bryan Kinser Enterprises, Inc. |31W625 Smith Rd|West Chicago, IL 60185-1033| |||
Capital One Bank (USA), N.A. |by American InfoSource as agent|4515 N Santa Fe Ave|Oklahoma City, OK 73118-7901| ||
Chat Partners LLC |1151 West Ardmore Ave|Itasca, IL 60143-1305| |||
Chilakamarri Yeshwabt, MD |27 Lakeside Dr|South Barrington, IL 60010-5331| |||
City Electric Supply |1715 Crescent Lake Dr|Montgomery, IL 60538-1180| |||
City Electric Supply Company |c/o Mages & Price LLC|1110 West Lake Cook Road|Suite 385|Buffalo Grove, IL 60089-1992| |
City of Chicago Heights |1601 Chicago Road|Chicago Heights, IL 60411-3487| |||
City of Naperville |400 S. Eagle St|Naperville, IL 60540-5278| |||
Civic Solar, Inc. |304 12th ST|Oakland, CA 94607-4268| |||
Comcast |41112 Concept Dr|Plymouth MI 48170-4253| |||
Comcast |P.O. Box 3002|Southeastern, PA 19398-3002| |||
Commonwealth Edison Co |3 Lincoln Center|Attn: Bankruptcy Section|Oak Brook Terrace IL 60181-4204| ||
Commonwealth Edison Company |Bankruptcy Department|1919 Swift Drive|Oakbrook, IL 60523-1502| ||
Commonweath Edison |PO Box 6111|Carol Stream, IL 60197-6111| |||
Daniel Thompson |627 1st St|Apt. 1/2|La Salle, IL 61301-2418| ||
David S Wayne |Saul EWing Arnstein & Lehr LLP|161 N. Clark St, Suite 4200|Chicago, IL 60601-3316| ||
Department of the Treasury |Internal Revenue Service|P.O. Box 7346|Philadelphia PA 19101-7346| ||
Department of the Treasury, Internal Revenue|Philadelphia, PA 19101| ||||
Eaton |PO Box 93531|Chicago, IL 60675-3531| |||
Electrical Insurance Trustees |75 Remittance Dr, Suite 1615|Chicago, IL 60675-1615| |||
Elston Material, LLC |1420 N. Elston Ave|Chicago, IL 60642-2418| |||
Emergent Safety Supply |1055 Kingsland Dr|Batavia, IL 60510-2290| |||
Equipment Depot |4414 11th St|Rockford, IL 61109-3632| |||
22-07424|Espo Engineering Corporation |855 Midway Dr|Willowbrook, IL 60527-5546| |||
22-07424|Euler Hermes N. A. Insurance Co. as Agent fo|800 Red Brook Blvd, #400C|Owings Mills, MD 21117-5173| |||
22-07424|Euler Hermes North America Insuranc |c/o Stein & Rotman|645 Landwehr Rd|Northbrook, IL 60062-2309| ||
Everton Walters |5 Royal Oaks Ct|Bristol, CT 06230| |||
FNU Lal Jacob |10S135 Palisades Road|Burr Ridge IL 60527-5807| |||
First American |Management LLC|895 Main St|West Dundee, IL 60118-2098| ||
First Insurance Funding |PO Box 7000|Carol Stream, IL 60197-7000| |||
Forston Construction LLC |399 County Road 800 E|Norris City, IL 62869-3734| |||
Fredrick L. Ludwig |9666 Olive Blvd, Suite 202|Saint Louis, MO 63132-3012| |||
GoodHire Inflection Risk Solutions |555 Twin Dolphin Dr, #630|Redwood City, CA 94065-2130| |||

Graybar Electric Company, Inc. |Brian R. Zeeck, ARDC No.: 6301721|Hinshaw & Culbertson LLP|151 N. Franklin St., Suite 2500|Chicago, IL 60606-1915| |
Graybar Electrical Company Inc |12431 Collection Center Dr|Chicago, IL 60693-0124| |||
Great American Insruance Company |c/o Law Offices of T. Scott Leo PC|100 N. LaSalle St, Suite 514|Chicago, IL 60602-3551| ||
Great American Insurance Company |c/o The Law Offices of T. Scott Leo, P.C|T. Scott Leo|100 N. LaSalle St.,Ste # 514|Chicago, IL 60602-3551| |
Great Western Flooring |1051 Frontenac Rd|Naperville, IL 60563-1746| |||
Groot, Inc |PO Box 535233|Pittsburgh, PA 15253-5233| |||
Haas Construction |3025 Weldon Rd|Fairfax, VA 22030| |||
Homewood Disposal Service |1501 W 175th St|Homewood, IL 60430-4608| |||
IBEW Local 150 |PO Box 7126|Carol Stream, IL 60197-7126| |||
Ice Associates, LLC |1500 Abbott Court|Buffalo Grove, IL 60089-2377| |||
Illinois Department of Employ Sec |P.O. Box 19300|Springfield, IL 62794-9300| |||
Illinois Department of Employ Sec |POB 19300|Springfield, IL 62794-9300| |||duplicate
Illinois Department of Employment Security |Bankruptcy Unit|33 S. State Street|Chicago, IL 60603-2808| ||
|ILLINOIS DEPARTMENT OF REVENUE|BANKRUPTCY UNIT|PO BOX 19035|SPRINGFIELD IL 62794-9035|||preferred
Internal Revenue Service |PO Box 7346|Philadelphia, PA 19101-7346| |||
Internal Revenue Service |POB 7346|Philadelphia, PA 19101-7346| |||duplicate
Internal Revenue Service, Mail Stop 5014CHI,|Chicago, IL 60604| ||||
Jeanne Novas, MD |5 Quincy Circle|South Barrington, IL 60010-5325| |||
Jhunnelle Walters |5 Royal Oaks Ct|Bristol, IL 60512-9725| |||
Jolianne Walters |6S631 Avon Ct|Naperville, IL 60540-3639| |||
Kansal Enterprises |3840 Wanda Road|Edwardsville, IL 62025-7404| |||
Ken Vojtil |626 Pimklico St|Oswego, IL 60543-4078| |||
Kenneth Vojtik |626 Pimlico St|Oswego, IL 60543-4078| |||
LSSI |200 N. Island Ave|Batavia, IL 60510-1933| |||
LVNV Funding, LLC |Resurgent Capital Services|PO Box 10587|Greenville, SC 29603-0587| ||
Lakeside Bank |165 S. York St|Elmhurst, IL 60126-3413| |||
Lal Jacob |808 Magnolia Dr|North Aurora, IL 60542-3046| |||
Leila Walters |5 Royal Oaks Ct|Bristol, IL 60512-9725| |||
Liberty Mutual Insurance |PO Box 91012|Chicago, IL 60680-1110| |||
Liberty Propane |15680 Canal Bank Road|PO Box 458|Lemont, IL 60439-0458| ||
Litgen Concrete Cutting & Coring |1020 Nerge Road|Elk Grove Village, IL 60007-3216| |||
Long Haul Leasing, LLC |11776 Woodland Hills Rd|Marion, IL 62959-8579| |||
MRW Truck Repair, Inc |31 West 622 Schiger Rd|Naperville, IL 60564| |||
Maddox Industrial Transformer |2018 W. Butler Rd, Ste 123|Mauldin, SC 29662| |||
Mages & Price LLC |1110 West Lake Cook Road|Suite 385|Buffalo Grove, IL 60089-1992| ||
Midwest Directional Drilling |375 Honoegah Rd|Rockton, IL 61072-3013| |||
Morin Auto Group |2108 W. Ferry Rd|Naperville, IL 60563-4267| |||
NECA IBEW Local 364 |4864 Colt Rd|Rockford, IL 61109-2676| |||
NECA-IBEW Pension Benefit Trust Fun |c/o Schuchat Cook & Werner|555 Washington Ave, Suite 520|Saint Louis, MO 63101-1239| ||
NICOR Northern Illinois Gas |Attention Bankruptcy & Collections|PO Box 549|Aurora IL 60507-0549| ||

National Construction Rentals |c/o Johnathan Neil & Assoc. Inc|P.O. Box 7000|Tarzan, CA 91357-7000| ||
National Roofing Partners |621 E. State Hwy 121 South, Suite 4|Coppell, TX 75019-7978| |||
Nicor |P.O. Box 5407|Carol Stream, IL 60197-5407| |||
Northern States Metals Company |Solar Flex Rack|3207 Innovation Pl|Youngstown, OH 44509-4025| ||
Patrick N Ryan |Baum Sigman Auerbach & Neuman|200 W. Adams St, Ste 2200|Chicago, IL 60606-5231| ||
Paul Christensen |63 Paddock St|Montgomery, IL 60538-2412| |||
Philadelphia Indemnity Insurance Company |c/o Michael J. Weber|Dinsmore & Shohl, LLP|222 W. Adams St., Suite 3400|Chicago, IL 60606-5258| |
Portable Water Closet |300 E. Davis St|Saint Louis, MO 63111-3633| |||
Prowaste Incorporated |5300 McDermott Dr, Unit C|Berkeley, IL 60163-1357| |||
Quench USA, Inc. |PO Box 735777|Dallas, TX 75373-5777| |||
RSM Geospatial Inc |316 N. Main, Suite A|Edwardsville, IL 62025-1616| |||
Rainy Investments, LLC |197 Wrenwood Circle|Elgin, IL 60124-0201| |||
Raleigh Ready Mix |PO Box 218|Raleigh, IL 62977-0218| |||
Receiving Trust for Deliquencies |5753 Elizabeth Ave|Saint Louis, MO 63110| |||
Reinhart Boermer Van Deuren SC |1000 N. Water Street, Ste 1700|Milwaukee, WI 53202-3186| |||
Reinhold Electric Inc |2511 Lemay Ferry Rd|Saint Louis, MO 63125-3132| |||
Reinhold Electric, Inc. |C/O The Stockenberg Law Firm LLC|3636 South Geyer Road, Suite 100|St. Louis, MO 63127-1237| ||
Revere Electric Supply |8218 Solutions Center|Chicago, IL 60677-8002| |||
Richard A. Stockenberg |3636 S Geyer Rd, Suite 100|Saint Louis, MO 63127-1237| |||
Rock Rover Disposal Service Inc |4002 S. Main St|Rockford, IL 61102-4664| |||
Rock Valley Concrete Cutting LLC |1553 S. Meridian Rd|Rockford, IL 61102-2303| |||
Rock Valley Fence and Deck |7975 Forest Hills Rd|Loves Park, IL 61111-3633| |||
SAUL EWING ARNSTEIN & LEHR LLP |c/o Michelle G. Novick|161 N. Clark Street, Suite 4200|Chicago, IL 60601-3316| ||
Safety Supply Illinois LLC |c/o MIchael J Hoscheit|1001 E. Main St, Suite G|Saint Charles, IL 60174-2204| ||
Satellite Shelters, Inc. |2771 S. Frontage Rd|Channahon, IL 60410| |||
Saul Ewing Arnstien & Lehr |161 N Clark, Suite 4200|Chicago, IL 60601-3316| |||
Schomburg & Schomburg Construction |823 N Collet St|Danville, IL 61832| |||
EMEDCO SETON CHAMPION|2491 WEHRLE DR|WILLIAMSVILLE NY 14221-7141||||preferred
Shandong Properties LLC |1053-57 Shore Rd|Naperville, IL 60563-8758| |||
Shandong Properties, LLC |1053-1057 Shore Rd|Naperville, IL 60563-8758| |||
Shawnee Professional Services |PO Box 125|Vienna, IL 62995-0125| |||
Simplified Safety Inc |803 West Ave|Suite 128|Rochester, NY 14611-2452| ||
Siva Sivananthan, MD |1416 Dunrobin Rd|Naperville, IL 60540-8284| |||
Solar Flex Rack |3207 Innovation Pl|Youngstown, OH 44509-4025| |||
Solectric |1936 S 49th Ave|Cicero, IL 60804-2439| |||
Solomon & Leadley |PO Box 5923|Aurora, IL 60507-5923| |||
Spark Maids LLC |25W576 Burlington Ave|Naperville, IL 60563-1612| |||
Springfield Electric Supply |PO Box 4106|Springfield, IL 62708-4106| |||
St Louis Testing Laboratories Inc |2810 Clark Ave|Saint Louis, MO 63103-2574| |||
Steiner Electric Company |6900 Rock Vallet Pkwy|Loves Park, IL 61111-8620| |||

Steiner Electric Company |c/o Tim Herman|Clark Hill PLC|130 E. Randolph Street, Suite 3900|Chicago, IL 60601-6317| |duplicate
Structural Enginuity Inc |1815 W. Diehl Rd, Suote 100|Naperville, IL 60563-6401| |||
Structural Enginuity, Inc |1815 W. Diehl Road|Suite 100|Naperville, IL 60563-6401| ||
Strutz Excavating Inc |3837 Fosterburg Rd|Alton, IL 62002-7323| |||
Sunbelt Rentals, Inc |PO Box 409211|Atlanta, GA 30384-9211| |||
Sunbelt Rentals, Inc. |c/o Caleb Christian, Esq.|Sandberg Phoenix & von Gontard P.C.|600 Washington Avenue, 15th Floor|St. Louis, MO 63101-1361| |
Teller, Levit and Silvertrust |19 S. LaSalle St, Suite 701|Chicago, IL 60603-6369| |||
Testing Service Corporation |360 S. Main Pl|Carol Stream, IL 60188-2404| |||
The Cincinnati Insurance Co. and |The Cincinnati Indemnity Co.|c/o Teller, Levit & Silvertrust, P.C.|19 S. LaSalle - Suite 701|Chicago, IL 60603-1431| |
The Horton Group, Inc. |PO Box 87618|Chicago, IL 60680-0618| |||
The Law Offices of Richard K. Helle |200 N. LaSalle St, Suite 2150|Chicago, IL 60601-1025| |||
Therafin Corporation |9450 W Laraway Rd|Frankfort, IL 60423-1902| |||
Timothy R. Herman |Clark Hill|130 E Randolph St, Suite 3900|Chicago, IL 60601-6317| ||
Total Energy Systems, LLC |200 W, Washington St, Suite 305|Green Bay, WI 54301| |||
Uusco of Illinois |395 Industrial Dr|Units A&B|West Chicago, IL 60185-1886| ||
Verizon Wireless |PO Box 489|Newark, NJ 07101-0489| |||
Vintech Systems, Inc |3725 N Western Ave|Chicago, IL 60618-4705| |||
W. Matthew Bryan |Saul Ewing Arnstein & Lehr LLP|161 N Clark St, Suite 4200|Chicago, IL 60601-3316| ||
WCP Realty LLC |1057 Shore Rd|Naperville, IL 60563-8758| |||
Waste Connections of Missouri |PO Box 679859|Dallas, TX 75267-9859| |||
Waste Management |PO Box 4648|Carol Stream, IL 60197-4648| |||
Weiss Law Care Inc |165 Easy Street|Carol Stream, IL 60188-2314| |||
Wex Bank |PO Box 6293|Carol Stream, IL 60197-6293| |||
Williams Scotsman Inc |PO Box 91975|Chicago, IL 60693-1975| |||
Xerox Corproation |PO Box 802555|Chicago, IL 60680-2555| |||
Xerox Financial Services, LLC |201 Merrit 7|Norwalk, CT 06851-1056| |||

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WCP SOLAR SERVICES LLC, | ) | CASE NO. 22-07424 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois ("**U.S. Trustee**"), by and through his attorney, Jeffrey L. Gansberg, moves pursuant to 11 U.S.C. § 1112(b), for an order converting the above captioned Chapter 11 case to Chapter 7 for "cause," or in the alternative, dismissing the case ("**Motion**"). In support of the Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which has been referred to this Court pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

1

# BACKGROUND

A. <u>The Debtor, Its History, and Its Operations</u>

5. Prior to its bankruptcy filing, WCP Solar Services LLC (the "**Debtor**") was operating as a designer, developer, and installer of solar energy panels for public and private projects. The Debtor serviced residential, municipal, agricultural, educational, and commercial clients with an emphasis on commercial clients.

6. The Debtor is a limited liability company that is wholly owned by WCP Realty LLC ("**Realty**").[1] Realty is wholly owned by Dr. Everton Walters ("**Walters**"). Walters manages the day-to-day affairs of and is in control of the Debtor.

7. Beginning in 2020, the Debtor began to experience financial problems. The Debtor has represented that those financial problems were a result of the impact of Covid-19.

8. In attempting to weather the financial downturn, the Debtor obtained two PPP loans. The first PPP loan was in the amount of $267,627 and was funded in 2020. That first loan has been forgiven. The second PPP loan was in the amount of $689,966 and was funded in 2021. Of the second PPP loan, all but $180,952.04 has been forgiven. At the 341 Meeting of Creditors (the "**341 Meeting**") the Debtor's representative testified that the Debtor had not made a payment on the unforgiven portion of the second PPP loan.

9. From July 2021 through July 2022, the Debtor's principal, Walters, caused the Debtor to make payments to him in the amount of $94,819.60. *See* SOFA at Question 4.

10. Similarly, on June 9, 2022, Walters caused the Debtor to pay him $20,000. *See* SOFA at Question 3. The $20,000 payment was made within the preference period.

11. On July 1, 2022 (the "**Petition Date**"), the Debtor filed its petition to initiate this Subchapter V bankruptcy case.

---

[1] Prior to January 2022, there were other members of the Debtor.

12. On July 5, 2022, Matthew Brash was appointed as the Subchapter V trustee (the "**Trustee**").

**The Debtor Paid Pre-Petition Obligations Post-Petition or Did Not Stop Payment of Pre-Petition Checks Issued to Pay Pre-Petition Obligations**

13. On July 7, 2022, the Debtor began issuing checks to satisfy pre-petition obligations. Similarly, the Debtor did not take steps to prevent prepetition checks from clearing the bank post-petition.

14. On September 19, 2022, the Debtor filed its monthly operating report ("**MOR**") for the month ending July 31, 2022. [Dkt No. 45]. In that MOR, the Debtor has two exhibits that illustrate the post-petition payment of pre-petition debt, or, alternatively, the failure to stop payment on pre-petition checks that the Debtor issued. *See* Exhibits B, D to MOR for month ending July 31, 2022.

15. A large portion of the unauthorized payments were made to Walters or other insiders. *See*, Exhibit B and D to MOR for month ending July 31, 2022.

16. On July 7, 2022, the Debtor paid Walters $25,454.37. As its principal, Walters directed that the Debtor make that payment. Also on July 7, 2022, Walters directed the Debtor to pay his wife the sum of $4,315.89.

17. On July 13, 2022, Walters directed the Debtor to make a $13,663.82 payment to Realty, the entity that owns the Debtor and that Walters owns. Although the Debtor paid Realty $13,663.82, the Debtor's schedules indicate that Realty was owed only $6,526.21. *Compare* MOR for month ending July 31, 2022, at Exhibit B, page 7 of 56 with Schedule E/F [Dkt No. 32] at p. 26 of 32.

18. In addition to the payments to the insiders, the Debtor also paid: (i) its landlord, (ii) past due wages,[2] and (iii) pre-petition vendors.

19. To date, the Debtor has admitted that it paid or allowed to clear payments totaling over $103,000 on account of pre-prepetition obligations. *See*, Exhibit B to MOR for month ending July 31, 2022. The source of the funds was deposits that the Debtor received shortly after it filed its petition. The funds were used almost as quickly as they were received. As of the Petition Date, the Debtor held only $6.04 in cash on hand and only $1,226.77 on deposit at any financial institution. *See* Schedule A/B [Dkt No. 32] at p. 1, 2 of 32.

20. No Court authority was requested or granted with respect to these payments.

**The Debtor Made Other Unauthorized Payments**

21. Not only did the Debtor pay (or allow to be paid) pre-petition obligations post-petition, but it made other unauthorized payments without Court authority.

22. The July MOR indicates that in addition to paying prepetition wages due, the Debtor made salary advances to two employees. These advances totaled over $14,000. *See* Exhibit D to MOR ending July 31, 2022 (salary advances to Kenneth Vojtik and Leila Walters (an insider)). No request was made or order entered allowing the Debtor to make advanced payments on wages.

23. Similarly, the MOR for the month ending July 31, 2022, indicates that the Debtor made a $200 payment to Violet Financial Solutions, Inc. for preparation of pre-petition payroll tax returns. The Debtor never sought to retain Violent Financial Solutions, an entity that appears to fall within the retention requirements of §327.

---

[2] Based upon the information provided to the U.S. Trustee, it appears that only a portion of the wages paid post-petition would have been priority wage claims. Notwithstanding whether the wages were priority claims, they could not have been paid properly without an order of this Court.

4

24. Like the July MOR, the August MOR evidences improper payments. Exhibit E to the MOR for the month ending August 31, 2022, indicates that the Debtor paid legal fees for the attorney of a creditor. *See* Exhibit E to MOR for month ending August 31, 2022, page 9 of 57. No explanation is given for why that payment is made and it seems unlikely that payments to a creditor's attorney are proper in a bankruptcy proceeding under the circumstances of this case.

**The Debtor's Schedules Were Incorrect as Filed**

25. On July 29, 2022, after making the payments on account of pre-petition claims, the Debtor filed its schedules (the "**Schedules**") and statement of financial affairs (the "**SOFA**").

26. The Schedules are incorrect as filed.

27. Among other errors, the Debtor's omitted Philadelphia Indemnity Insurance Company ("**PIIC**") from its Schedules. As of the Petition Date, PIIC estimates that the Debtor owes it more than $800,000 on account of claims made on performance bonds PIIC issued for the benefit of the Debtor.

28. On August 1, 2022, PIIC's counsel sent correspondence to Debtor's counsel outlining the basis and amount of PIIC's claim.

29. At the 341 Meeting held on August 16, 2022, Walters insisted that he did not know PIIC had a claim against the Debtor or that PIIC was a creditor of the Debtor.

30. The Debtor has not amended its Schedules to include PIIC as a creditor.

**The Debtor's Other Failures**

31. Not only has the Debtor paid pre-petition obligations post-petition, including significant payments to insiders, the Debtor has failed to comply with other requirements of a debtor and debtor in possession.

32. The Trustee requested an operating budget from the Debtor early in the case. However, it was not until approximately September 13, 2022, that the Debtor provided that budget. The budget was a two-year budget but explained that the provided budget is not the "budget" that would be attached to any plan and support confirmation.

33. The budget that the Debtor provided contains line items that indicate the Debtor does not understand its obligations as a debtor-in-possession and its duties to its creditors.

34. The operating budget provides that Everton and his wife will be paid more than $20,000 monthly.[3] In some months, the payments exceed $27,000. Despite the two-year budget providing for payments of over $500,000 to insiders, it shows a meager $61,000 would be available to fund a plan during that same time (again, it was indicated that this was not the budget that would be attached to any plan to be confirmed). And, the budget does not indicate any recovery of the unauthorized post-petition payments made – whether to insiders or others.

35. Cause exists to convert this case to Chapter 7 or to dismiss it because:

- The Debtor engaged in gross mismanagement by paying pre-petition obligations post-petition;

- Walters has breached his fiduciary duties by making unauthorized post-petition payments to himself on account of the Debtor's pre-petition obligations to him;

- Walters is a creditor of the estate and has shown that he cannot comply with his fiduciary obligations;

- Realty, which is wholly owned and controlled by Walters, was a creditor of the estate;

- The Debtor failed to make full and proper disclosures in its Schedules and Statement of Financial Affairs; and

- Debtor failed to timely file its July monthly operating report, which constitutes cause under 11 U.S.C. § 1112(b)(4)(F).

---

[3] The MOR for the month ending August 31, 2022, indicates that Leila Walters was not paid in August. No further explanation is given.

6

# ARGUMENT

## CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE

36. Although this is a Subchapter V bankruptcy case, Section 1112 applies. *See*, 11 U.S.C. §1181 (Section 1112 is not included in list of sections not applicable to Subchapter V bankruptcy cases).

37. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

38. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

    **A.    CAUSE EXISTS TO DISMISS OR CONVERT FOR GROSS MISMANAGEMENT BECAUSE THE DEBTOR HAS PAID PRE-PETITION OBLIGATIONS, INCLUDING OBLIGATIONS TO INSIDERS.**

39. Cause exists to dismiss or convert this case because the Debtor has engaged in gross mismanagement by causing its principle to be paid significant sums of money post-petition.

40. It is clear, the Debtor is a fiduciary for the estate and its creditors. *See In re Korn*, 523 B.R. 453, 468 (Bankr. E.D. Pa. 2014). And, a breach of that fiduciary duty is cause to remove the debtor-in-possession. *See*, *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358

(Bankr. S.D.N.Y. 2001) (breach of fiduciary duty is cause); *In re NuGelt, Inc.*, 142 B.R. 661, 666 (Bankr. D. Del. 1992) (same).

41. Instead of acting in accordance with its fiduciary duties, the Debtor made significant payments to insiders. Specifically, the Debtor paid over $25,000 to the person in control of the Debtor and over $4,000 to his wife. These payments were on account of pre-petition obligations. The Debtor also paid over $13,000 to WCP Realty, an entity for which its manager is the sole owner.

42. The Bankruptcy Code is clear – all activity outside of the ordinary course of business must first be approved by the Court before the action can be undertaken. *See* 11 U.S.C. §363(b)(1). It is axiomatic that the use of estate property to pay pre-petition obligations is outside of the ordinary course of business. Before making any payments of those obligations, the Debtor was required to obtain Court approval pursuant to Section 363(b)(1). It did not do so. It nonetheless transferred the property and transferring property "in a manner not consistent with the Bankruptcy Code or an order of the court may subject the case to dismissal." *In re Wells*, 71 B.R. 554, 557 (Bankr. N.D. Ohio 1987) (citation omitted).

43. These amounts may be recoverable for the benefit of the estate. However, it is unlikely that the person controlling the Debtor would bring claims against himself or his wife.

44. Making those unauthorized transfers, particularly to insiders of the Debtor, constitutes cause to dismiss this case. *See* 11 U.S.C. § 1112(b)(4)(B); *In re Products Int'l Co.*, 395 B.R. 101, 111 (Bank. N.D. Ariz. 2008); *see also, In re E. Paul Kovacs and Co., Inc.*, 16 B.R. 203, 205-06 (Bankr. D. Conn. 1981) (diminution of estate due to affiliates' use of debtor's property coupled with inability to reorganize constituted cause). In addition to the payment of

pre-petition obligations, the Debtor made salary advances to employees, including another insider, without an order of court.

45. The same conduct that constitutes a breach of fiduciary duties to the estate and its creditors, can also constitute gross mismanagement. *See*, *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001) (breach of fiduciary duty is cause); *In re NuGelt, Inc.*, 142 B.R. 661, 666 (Bankr. D. Del. 1992) (same); *In re Telemark Mgmt. Co., Inc.*, 41 B.R. 501, 507 (Bankr. W.D. Wis. 1984) (same).

46. The Debtor's breach of fiduciary duty violates not only the express terms of the Bankruptcy Code by paying pre-petition obligations (without a court order) but the payments were to insiders. Alone each constitutes cause to remove the debtor in possession. Collectively, they illustrate a pattern and practice that shows why this case will not succeed with the debtor in possession in a chapter 11. *See generally*, *In re Sillerman*, 605 B.R. 631, 651 (Bankr. S.D.N.Y. 2019) ("Considered in the aggregate, the Debtor's conduct in managing his business and controlling his estate as a debtor-in-possession rises to the level of incompetence, if not gross mismanagement.").

**B. CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE BECAUSE DEBTOR FAILED TO TIMELY FILE ITS JULY MONTHLY OPERATING REPORT, WHICH EVIDENCED THE IMPROPER TRANSFERS**

47. The "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" to convert or dismiss a case. *See* 11 U.S.C. § 1112(b)(4)(F); *see also In re Draiman*, 450 B.R. 777, 826 (Bankr. N.D. Ill. 2011). Debtors are required to timely file reports during the pendency of a Chapter 11 case. *See* 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a).

48. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The reports are necessary to provide financial information about the debtor, and "a report filed late may be the practical equivalent of a failure to file any financial information at all." *In re Hyperion Found., Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009). A Chapter 11 debtor who fails to timely file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by" the Bankruptcy Code, which in turn constitutes "cause to convert or dismiss" the debtor's case. *See* 11 U.S.C. §§ 1112(b)(1) & (b)(4)(F); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements…whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings,") (internal quotations and citations omitted).

49. The Debtor filed this bankruptcy case on July 1, 2002. Therefore, on August 21, 2022, the Debtor's first operating report came due. It was not timely filed. Indeed, it was not filed until September 19, 2022. Once filed, the MOR for the month ending July 31, 2022, indicated that the Debtor made unauthorized post-petition payments to insiders and others – all in contravention of the express terms of the Bankruptcy Code. The Debtor's failure to timely file its monthly operating report constitutes cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(F).

C. **CONVERSION IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE**

50. The question of whether conversion or dismissal is in the best interests of creditors and the estate is a question committed to the discretion of the bankruptcy court. *In re*

10

*Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018) ("*Aurora Memory*"). In answering that question, courts often weigh which course of action will lead to the largest number of creditors receiving the most amount of money in the shortest period of time. *Aurora Memory*, 589 B.R. at 643. Courts also compare how creditors would fare trying to collect from the debtor in bankruptcy court as opposed to outside of bankruptcy. *Id*. In comparing those two scenarios, a key question is the availability of estate assets for a bankruptcy trustee to liquidate and use to pay creditors the money the debtor owes them. *Id*.

51. In this case, it appears that there may be assets available to creditors. During the pendency of the Chapter 11 case, it appears that the Debtor has made significant unauthorized transfers which might be recoverable. Similarly, the Debtor's SOFA indicates that there may be over $100,0000 in potentially avoidable transfers, preferences and fraudulent transfers, that may have a value to the estate and its creditors. It likely will require a trustee to investigate and prosecute those claims.

52. Further, the Debtor has scheduled significant accounts receivable. Although it is believed that many of those receivables are not collectible, a chapter 7 trustee should be given an opportunity to determine which receivables are collectible and which are not collectible.

53. Although administrative expenses may accrue because of conversion, a chapter 7 trustee would have the ability pursue claims that the Debtor appears unlikely to pursue. Conversely, dismissing this bankruptcy case would allow the Debtor to continue its course of obfuscation and self-interested transactions.

## CONCLUSION

54. Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to convert this case to one under Chapter 7 or dismiss it.

WHEREFORE, the U.S. Trustee respectfully requests this Court to enter an order: (1) dismissing this case, or alternatively, converting this case to a case under Chapter 7 of the Bankruptcy Code; and (2) for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
U.S. TRUSTEE

*/s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327