UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WCP SOLAR SERVICES LLC, | ) | CASE NO. 22-07424 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

### NOTICE OF FILING

PLEASE TAKE NOTICE that on December 21, 2022, the United States Trustee for the Northern District of Illinois filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, the **Reply in Support of United States Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. §1112(b).** [ECF NO. 47].

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
U. S. TRUSTEE


*/s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327

## CERTIFICATE OF SERVICE

      I, Jeffrey L. Gansberg, an attorney, certify that on December 21, 2022, I caused to be served copies of the **Reply in Support of United States Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. §1112(b)** [ECF NO. 47] on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Jeffrey L. Gansberg*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- Paul M. Bach — paul@bachoffices.com
- Penelope N. Bach — pnbach@bachoffices.com
- Matthew Brash — mbrash@newpointadvisors.us
- William W. Thorsness — wthorness@vedderprice.com
- Timothy R. Herman — therman@clarkhill.com
- Brian R. Zeeck — bzeeck@hinshawlaw.com
- Michelle G. Novick — Michelle.Novick@saul.com
- T. Scott Leo — sleo@leolawpc.com
- William S. Piper — wpiper@leolawpc.com
- Michael J. Weber — Michael.weber@dinsmore.com
- Richard G. Larsen — rlarsen@springerbrown.com

**Parties Served via First Class Mail:**

22-07424|DuKane Precast Corporation |1805 Highgrove Lane, Ste. 137|Naperville, IL 60540-3987||||
22-07424|Graybar Electric Company, Inc. | |||||undeliverable
22-07424|Great American Insurance Company | |||||undeliverable
22-07424|Philadelphia Indemnity Insurance Company | |||||undeliverable
22-07424|Saul Ewing Arnstein & Lehr LLP | |||||undeliverable
22-07424|Steiner Electric Company |c/o Tim Herman|Clark Hill PLC|130 E. Randolph Street|Suite 3900|Chicago, IL 60601-6317|
22-07424|Therafin Corporation | |||||undeliverable
22-07424|WCP Solar Services LLC |1057 Shore Rd|Naperville, IL 60563-8758||||
22-07424|U.S. Bankruptcy Court|Eastern Division|219 S Dearborn|7th Floor|Chicago, IL 60604-1702||
22-07424|24-Hour Worship, Inc. |1057 Shore Rd|Naperville, IL 60563-8758| |||
22-07424|ADP, LLC |PO Box 842875|Boston, MA 02284-2875| |||
22-07424|Al Busano |5 Quincy Circle|Barrington, IL 60010-5325| |||
22-07424|Amur Equipment Finance |PO Box 2555|304 W. 3rd St|Grand Island, NE 68801-5941|
22-07424|Anupam Awasthi |2523 Brookstone Ct|Aurora, IL 60502-9450| |||
22-07424|Arthur J. Gallagher Risk Management |39735 Treasury Center|Chicago, IL 60694-9700| |||
22-07424|Arwood Waste Team |16144 N. Main St|Jacksonville, FL 32218-1410| |||
22-07424|Asad Bajwa |1132 Chadwick Ct|Aurora, IL 60502-9469| |||
22-07424|Ascentium Capital |23970 US Highway 59 North|Kingwood, TX 77339| |||

22-07424|BCBS of Illinois |PO Bix 650615|Dallas, TX 75265-0615| |||
22-07424|Bala Swaminathan |1401 Greenlake Dr|Aurora, IL 60502-1354| |||
22-07424|Beacon Funding Corp. |28 Lord Rd|Marlborough, MA 01752-4576| |||
22-07424|Beacon Sales Acquisitions |c/o Teller Levit & Silvertrust, PC|19 S. LaSalle St, Suite 701|Chicago, IL 60603-1431| ||
22-07424|Big John Portable Toilets |PO Box 5|Oregon, IL 61061-0005| |||
22-07424|Brian Gravenhorst |3167 Savannah Dr|Aurora, IL 60502-8693| |||
22-07424|Brian Ledebuhr |Vedder Price, P.C.|222 N. LaSalle St, Suite 2300|Chicago, IL 60601-1104| ||
22-07424|Bryan Kinser Enterprises, Inc. |31W625 Smith Rd|West Chicago, IL 60185-1033| |||
22-07424|Capital One Bank (USA), N.A. |by American InfoSource as agent|4515 N Santa Fe Ave|Oklahoma City, OK 73118-7901| ||
22-07424|Chat Partners LLC |1151 West Ardmore Ave|Itasca, IL 60143-1305| |||
22-07424|Chilakamarri Yeshwabt, MD |27 Lakeside Dr|South Barrington, IL 60010-5331| |||
22-07424|City Electric Supply |1715 Crescent Lake Dr|Montgomery, IL 60538-1180| |||
22-07424|City Electric Supply Company |c/o Mages & Price LLC|1110 West Lake Cook Road|Suite 385|Buffalo Grove, IL 60089-1992| |
22-07424|City of Chicago Heights |1601 Chicago Road|Chicago Heights, IL 60411-3487| |||
22-07424|City of Naperville |400 S. Eagle St|Naperville, IL 60540-5278| |||
22-07424|Civic Solar, Inc. |304 12th ST|Oakland, CA 94607-4268| |||
22-07424|Comcast |41112 Concept Dr|Plymouth MI 48170-4253| |||
22-07424|Comcast |P.O. Box 3002|Southeastern, PA 19398-3002| |||
22-07424|Commonwealth Edison Co |3 Lincoln Center|Attn: Bankruptcy  Section|Oak Brook Terrace IL 60181-4204| ||
22-07424|Commonwealth Edison Company |Bankruptcy Department|1919 Swift Drive|Oakbrook, IL 60523-1502| ||
22-07424|Commonweath Edison |PO Box 6111|Carol Stream, IL 60197-6111| |||
22-07424|Daniel Thompson |627 1st St|Apt. 1/2|La Salle, IL 61301-2418| ||
22-07424|David S Wayne |Saul EWing Arnstein & Lehr LLP|161 N. Clark St, Suite 4200|Chicago, IL 60601-3316| ||
22-07424|Department of the Treasury |Internal Revenue Service|P.O. Box 7346|Philadelphia PA 19101-7346| ||
22-07424|Department of the Treasury, Internal Revenue|Philadelphia, PA 19101| ||||
22-07424|DuKane Precast Incorporated |Richard G. Larsen|300 S County Farm Rd Suite G|Wheaton, Il 60187-2438| ||
22-07424|Eaton Corporation |1000 Eaton Blvd S5 Global Trade|Cleveland OH 44122-6058| |||
22-07424|Electrical Insurance Trustees |75 Remittance Dr, Suite 1615|Chicago, IL 60675-1615|
22-07424|Elston Material, LLC |1420 N. Elston Ave|Chicago, IL 60642-2418| |||
22-07424|Emergent Safety Supply |1055 Kingsland Dr|Batavia, IL 60510-2290| |||
22-07424|Equipment Depot |4414 11th St|Rockford, IL 61109-3632| |||
22-07424|Espo Engineering Corporation |855 Midway Dr|Willowbrook, IL 60527-5546| |||
22-07424|Euler Hermes N. A. Insurance Co. as Agent fo|800 Red Brook Blvd, #400C|Owings Mills, MD 21117-5173| |||
22-07424|Euler Hermes North America Insuranc |c/o Stein & Rotman|645 Landwehr Rd|Northbrook, IL 60062-2309| ||
22-07424|Everton Walters |5 Royal Oaks Ct|Bristol, CT 06230| |||
22-07424|FNU Lal Jacob |10S135 Palisades Road|Burr Ridge IL 60527-5807| |||
22-07424|First American |Management LLC|895 Main St|West Dundee, IL 60118-2098| ||
22-07424|First Insurance Funding |PO Box 7000|Carol Stream, IL 60197-7000| |||
22-07424|Forston Construction LLC |399 County Road 800 E|Norris City, IL 62869-3734| |||
22-07424|Fredrick L. Ludwig |9666 Olive Blvd, Suite 202|Saint Louis, MO 63132-3012| |||

22-07424|GoodHire Inflection Risk Solutions |555 Twin Dolphin Dr, #630|Redwood City, CA 94065-2130| |||
22-07424|Graybar Electric Company, Inc. |Brian R. Zeeck, ARDC No.: 6301721|Hinshaw & Culbertson LLP|151 N. Franklin St., Suite 2500|Chicago, IL 60606-1915| |
22-07424|Graybar Electrical Company Inc |12431 Collection Center Dr|Chicago, IL 60693-0124|
22-07424|Great American Insruance Company |c/o Law Offices of T. Scott Leo PC|100 N. LaSalle St, Suite 514|Chicago, IL 60602-3551| ||
22-07424|Great American Insurance Company |c/o The Law Offices of T. Scott Leo, P.C|T. Scott Leo|100 N. LaSalle St.,Ste # 514|Chicago, IL 60602-3551| |
22-07424|Great Western Flooring |1051 Frontenac Rd|Naperville, IL 60563-1746| |||
22-07424|Groot, Inc |PO Box 535233|Pittsburgh, PA 15253-5233| |||
22-07424|Haas Construction |3025 Weldon Rd|Fairfax, VA 22030| |||
22-07424|Homewood Disposal Service |1501 W 175th St|Homewood, IL 60430-4608| |||
22-07424|IBEW Local 150 |PO Box 7126|Carol Stream, IL 60197-7126| |||
22-07424|IBEW Local 150, et al (see attached) |c/o Reinhart Boerner Van Deuren s.c.|Attn: Sara C. McNamara, Esq.|1000 North Water Street, Suite 1700|Milwaukee, WI 53202-3186| |
22-07424|Ice Associates, LLC |1500 Abbott Court|Buffalo Grove, IL 60089-2377| |||
22-07424|Illinois Department of Employ Sec |P.O. Box 19300|Springfield, IL 62794-9300| |||
22-07424|Illinois Department of Employ Sec |POB 19300|Springfield, IL 62794-9300
22-07424|Illinois Department of Employment Security |Bankruptcy Unit|33 S. State Street|Chicago, IL 60603-2808| ||
22-07424|ILLINOIS DEPARTMENT OF REVENUE|BANKRUPTCY UNIT|PO BOX 19035|SPRINGFIELD IL 62794-9035|||
22-07424|Internal Revenue Service |PO Box 7346|Philadelphia, PA 19101-7346| |||
22-07424|Internal Revenue Service |POB 7346|Philadelphia, PA 19101-7346| |||duplicate
22-07424|Internal Revenue Service, Mail Stop 5014CHI,|Chicago, IL 60604| ||||
22-07424|Jeanne Novas, MD |5 Quincy Circle|South Barrington, IL 60010-5325| |||
22-07424|Jhunnelle Walters |5 Royal Oaks Ct|Bristol, IL 60512-9725| |||
22-07424|Jolianne Walters |6S631 Avon Ct|Naperville, IL 60540-3639| |||
22-07424|Kansal Enterprises |3840 Wanda Road|Edwardsville, IL 62025-7404| |||
22-07424|Ken Vojtil |626 Pimklico St|Oswego, IL 60543-4078| |||
22-07424|Kenneth Vojtik |626 Pimlico St|Oswego, IL 60543-4078| |||
22-07424|LSSI |200 N. Island Ave|Batavia, IL 60510-1933| |||
22-07424|LVNV Funding, LLC |Resurgent Capital Services|PO Box 10587|Greenville, SC 29603-0587| ||
22-07424|Lakeside Bank |165 S. York St|Elmhurst, IL 60126-3413| |||
22-07424|Lal Jacob |808 Magnolia Dr|North Aurora, IL 60542-3046| |||
22-07424|Leila Walters |5 Royal Oaks Ct|Bristol, IL 60512-9725| |||
22-07424|Liberty Mutual Insurance |PO Box 91012|Chicago, IL 60680-1110| |||
22-07424|Liberty Propane |15680 Canal Bank Road|PO Box 458|Lemont, IL 60439-0458| ||
22-07424|Litgen Concrete Cutting & Coring |1020 Nerge Road|Elk Grove Village, IL 60007-3216| |||
22-07424|Local Union 702, IBEW, AFL-CIO |Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Long Haul Leasing, LLC |11776 Woodland Hills Rd|Marion, IL 62959-8579| |||
22-07424|MRW Truck Repair, Inc |31 West 622 Schiger Rd|Naperville, IL 60564| |||
22-07424|Maddox Industrial Transformer |2018 W. Butler Rd, Ste 123|Mauldin, SC 29662| |||
22-07424|Mages & Price LLC |1110 West Lake Cook Road|Suite 385|Buffalo Grove, IL 60089-1992| ||
22-07424|Matthew J Schweighart |301 N NEIL ST|STE 400|Champaign, IL 61820-3169| ||
22-07424|Midwest Directional Drilling |375 Honoegah Rd|Rockton, IL 61072-3013| |||
22-07424|Midwest Directional Drilling, Inc. |c/o Attorney Jim Rodriguez|2601 Reid Farm Rd., Suite B|Rockford, IL 61114-6698| ||
22-07424|Morin Auto Group |2108 W. Ferry Rd|Naperville, IL 60563-4267| |||

22-07424|NECA IBEW Local 364 |4864 Colt Rd|Rockford, IL 61109-2676| |||
22-07424|NECA-IBEW Local 364 Fringe Benefit Funds |c/o Patrick N. Ryan|Baum Sigman Auerbach & Neuman, Ltd.|200 W. Adams Street, Suite 2200|Chicago, IL   60606-5231| |
22-07424|NECA-IBEW Pension Benefit Trust Fun |c/o Schuchat Cook & Werner|555 Washington Ave, Suite 520|Saint Louis, MO 63101-1239| ||
22-07424|NICOR Northern Illinois Gas |Attention Bankruptcy & Collections|PO Box 549|Aurora IL 60507-0549| ||
22-07424|National Construction Rentals |c/o Johnathan Neil & Assoc. Inc|P.O. Box 7000|Tarzan, CA 91357-7000| ||
22-07424|National Electrical Benefit Fund |c/o Patrick N. Ryan|Baum Sigman Auerbach & Neuman, Ltd.|200 W. Adams Street, Suite 2200|Chicago, IL   60606-5231| |
22-07424|National Roofing Partners |621 E. State Hwy 121 South, Suite 4|Coppell, TX 75019-7978| |||
22-07424|Nicor |P.O. Box 5407|Carol Stream, IL 60197-5407| |||
22-07424|Northern States Metals Company |Solar Flex Rack|3207 Innovation Pl|Youngstown, OH 44509-4025| ||
22-07424|Patrick N Ryan |Baum Sigman Auerbach & Neuman|200 W. Adams St, Ste 2200|Chicago, IL 60606-5231| ||
22-07424|Paul Christensen |63 Paddock St|Montgomery, IL 60538-2412| |||
22-07424|Philadelphia Indemnity Insurance Company |c/o Michael J. Weber|Dinsmore & Shohl, LLP|222 W. Adams St., Suite 3400|Chicago, IL 60606-5258| |
22-07424|Portable Water Closet |300 E. Davis St|Saint Louis, MO 63111-3633| |||
22-07424|Prowaste Incorporated |5300 McDermott Dr, Unit C|Berkeley, IL 60163-1357| |||
22-07424|Quench USA, Inc. |PO Box 735777|Dallas, TX 75373-5777| |||
22-07424|RSM Geospatial Inc |316 N. Main, Suite A|Edwardsville, IL 62025-1616| |||
22-07424|Rainy Investments, LLC |197 Wrenwood Circle|Elgin, IL 60124-0201| |||
22-07424|Raleigh Ready Mix |PO Box 218|Raleigh, IL 62977-0218| |||
22-07424|Receiving Trust for Deliquencies |5753 Elizabeth Ave|Saint Louis, MO 63110| |||
22-07424|Reinhart Boermer Van Deuren SC |1000 N. Water Street, Ste 1700|Milwaukee, WI 53202-3186|
22-07424|Reinhold Electric Inc |2511 Lemay Ferry Rd|Saint Louis, MO 63125-3132| |||
22-07424|Reinhold Electric, Inc. |C/O The Stockenberg Law Firm LLC|3636 South Geyer Road, Suite 100|St. Louis, MO 63127-1237| ||
22-07424|Revere Electric Supply |Dan Leadley|2720 Donwing CT|Aurora, Il 60502-1300| ||
22-07424|Richard A. Stockenberg |3636 S Geyer Rd, Suite 100|Saint Louis, MO 63127-1237| |||
22-07424|Rock Rover Disposal Service Inc |4002 S. Main St|Rockford, IL 61102-4664| |||
22-07424|Rock Valley Concrete Cutting LLC |1553 S. Meridian Rd|Rockford, IL 61102-2303| |||
22-07424|Rock Valley Fence and Deck |7975 Forest Hills Rd|Loves Park, IL 61111-3633| |||
22-07424|SAUL EWING ARNSTEIN & LEHR LLP |c/o Michelle G. Novick|161 N. Clark Street, Suite 4200|Chicago, IL 60601-3316| ||
22-07424|STUTZ EXCAVATING, INC. |3837 FOSTERBURG RD.|ALTON, IL 62002-7323| |||
22-07424|Safety Supply Illinois LLC |c/o MIchael J Hoscheit|1001 E. Main St, Suite G|Saint Charles, IL 60174-2204| ||
22-07424|Sara C. McNamara |c/o Reinhart Boerner Van Deuren s.c.|Attn: Sara C. McNamara, Esq.|1000 North Water Street, Suite 1700|Milwaukee, WI 53202-3186| |
22-07424|Satellite Shelters, Inc. |2771 S. Frontage Rd|Channahon, IL 60410| |||
22-07424|Saul Ewing Arnstien & Lehr |161 N Clark, Suite 4200|Chicago, IL 60601-3316| |||
22-07424|Schomburg & Schomburg Construction |823 N Collet St|Danville, IL 61832| |||
22-07424|Schomburg & Schomburg Construction, Inc. |301 N NEIL ST|STE 400|Champaign, IL 61820-3169| ||
22-07424|EMEDCO  SETON  CHAMPION|2491 WEHRLE DR|WILLIAMSVILLE NY 14221-7141||||
22-07424|Shandong Properties LLC |1053-57 Shore Rd|Naperville, IL 60563-8758| |||
22-07424|Shandong Properties, LLC |1053-1057 Shore Rd|Naperville, IL 60563-8758| |||

22-07424|Shawnee Professional Services |PO Box 125|Vienna, IL 62995-0125| |||
22-07424|Simplified Safety Inc |803 West Ave|Suite 128|Rochester, NY 14611-2452| ||
22-07424|Siva Sivananthan, MD |1416 Dunrobin Rd|Naperville, IL 60540-8284| |||
22-07424|Solar Flex Rack |3207 Innovation Pl|Youngstown, OH 44509-4025| |||
22-07424|Solectric |1936 S 49th Ave|Cicero, IL 60804-2439| |||
22-07424|Solomon & Leadley |PO Box 5923|Aurora, IL 60507-5923| |||
22-07424|Spark Maids LLC |25W576 Burlington Ave|Naperville, IL 60563-1612| |||
22-07424|Springfield Electric Supply |PO Box 4106|Springfield, IL 62708-4106| |||
22-07424|St Louis Testing Laboratories Inc |2810 Clark Ave|Saint Louis, MO 63103-2574| |||
22-07424|Steiner Electric Company |6900 Rock Vallet Pkwy|Loves Park, IL 61111-8620| |||
22-07424|Steiner Electric Company |c/o Tim Herman|Clark Hill PLC|130 E. Randolph Street, Suite 3900|Chicago, IL 60601-6317|
22-07424|Structural Enginuity Inc |1815 W. Diehl Rd, Suote 100|Naperville, IL 60563-6401| |||
22-07424|Structural Enginuity, Inc |1815 W. Diehl Road|Suite 100|Naperville, IL 60563-6401| ||
22-07424|Strutz Excavating Inc |3837 Fosterburg Rd|Alton, IL 62002-7323| |||
22-07424|Sunbelt Rentals, Inc |PO Box 409211|Atlanta, GA 30384-9211| |||
22-07424|Sunbelt Rentals, Inc. |c/o Caleb Christian, Esq.|Sandberg Phoenix & von Gontard P.C.|600 Washington Avenue, 15th Floor|St. Louis, MO 63101-1361| |
22-07424|Teller, Levit and Silvertrust |19 S. LaSalle St, Suite 701|Chicago, IL 60603-6369| |||
22-07424|Testing Service Corporation |360 S. Main Pl|Carol Stream, IL 60188-2404| |||
22-07424|The Cincinnati Insurance Co. and |The Cincinnati Indemnity Co.|c/o Teller, Levit & Silvertrust, P.C.|19 S. LaSalle - Suite 701|Chicago, IL 60603-1431| |
22-07424|The Horton Group, Inc. |PO Box 87618|Chicago, IL 60680-0618| |||
22-07424|The Law Offices of Richard K. Helle |200 N. LaSalle St, Suite 2150|Chicago, IL 60601-1025| |||
22-07424|Therafin Corporation |9450 W Laraway Rd|Frankfort, IL 60423-1902| |||
22-07424|Timothy R. Herman |Clark Hill|130 E Randolph St, Suite 3900|Chicago, IL 60601-6317| ||
22-07424|Total Energy Systems, LLC |200 W, Washington St, Suite 305|Green Bay, WI 54301| |
22-07424|Trustees of Local 702 Health and Welfare Fun|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Trustees of Local Union No.702 Annual Benefi|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Trustees of S. ILL Electrical Retiree Welfar|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Trustees of the Electrician's Salary De|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Trustees of the NECA-IBEW Pension Benefit Tr|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Trustees-Joint Apprenticeship & Training Com|Schuchat, Cook and Werner|Attn: Amanda Hansen|555 Washington Ave., Suite 520|St. Louis, MO 63101-1239| |
22-07424|Union Bank and Trust Company |PO BOX 82535|Lincoln NE 68501-2535| |||
22-07424|Uusco of Illinois |395 Industrial Dr|Units A&B|West Chicago, IL 60185-1886| ||
22-07424|Verizon Wireless |PO Box 489|Newark, NJ 07101-0489| |||
22-07424|VinTech Systems Inc |3725 N Western Ave|Chicago, IL 60618-4705| |||
22-07424|Vintech Systems, Inc |3725 N Western Ave|Chicago, IL 60618-4705| |||duplicate
22-07424|W. Matthew Bryan |Saul Ewing Arnstein & Lehr LLP|161 N Clark St, Suite 4200|Chicago, IL 60601-3316| ||
22-07424|WCP Realty LLC |1057 Shore Rd|Naperville, IL 60563-8758| |||
22-07424|Waste Connections of Missouri |PO Box 679859|Dallas, TX 75267-9859| |||
22-07424|Waste Management |PO Box 4648|Carol Stream, IL 60197-4648| |||
22-07424|Weiss Law Care Inc |165 Easy Street|Carol Stream, IL 60188-2314| |||
22-07424|Wex Bank |PO Box 6293|Carol Stream, IL 60197-6293| |||

22-07424|Williams Scotsman Inc |PO Box 91975|Chicago, IL 60693-1975| |||
22-07424|Win Wehrli |104 S. Parkway Drive|Naperville, IL 60540-5254| |||
22-07424|Xerox Corproation |PO Box 802555|Chicago, IL 60680-2555| |||
22-07424|Xerox Financial Services, LLC |201 Merrit 7|Norwalk, CT 06851-1056| |||
22-07424|Matthew Brash |Newpoint Advisors Corporation|5600 N. River Road|Suite 800|Rosemont, IL 60018-5166||
22-07424|Patrick S Layng |Office of the U.S. Trustee, Region 11|219 S Dearborn St|Room 873|Chicago, IL 60604-2027||
22-07424|Paul M. Bach |Bach Law Offices|P.O. Box 1285|Northbrook, IL 60065-1285|||
22-07424|Penelope N Bach |Bach Law Offices|P.O. Box 1285|Northbrook, IL 60065-1285|||

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WCP SOLAR SERVICES LLC, | ) | CASE NO. 22-07424 |
| | ) | |
| DEBTOR. | ) | HON. DAVID D. CLEARY |

**REPLY IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. §1112(b)**

Now comes the United States Trustee, Patrick S. Layng (the "**U.S. Trustee**"), by and through his attorney, Jeffrey L. Gansberg, and hereby files his Reply in Support of his Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. §1112(b), and states:

**INTRODUCTION**

Although admitting substantially all, if not all, of the factual allegations made the U.S. Trustee in his Motion to Convert or Dismiss Pursuant to 11 U.S.C. §1112(b) (the "**Motion**"), WCP Solar Services LLC (the "**Debtor**") nonetheless argues that the case should not be converted or dismissed. At times, the Debtor argues that no cause exists (*see, e.g.,* Debtor's Response to the United States Trustee's Motion to Convert or Dismiss (the "**Response**") at p. 7-8) while other times arguing that the defenses under §1112(b)(2) mandate the case be allowed to continue (*see* Response at pp. 8-12). Debtor is incorrect on both accounts; the U.S. Trustee has shown cause to convert or dismiss this case and there is no basis to allow the case to continue in Chapter 11.

**ARGUMENT**

The U.S. Trustee has shown cause to convert or dismiss this case and the Debtor's purported justifications for its conduct and attempts to show that this case can be successful cannot carry the day.

## I. The U.S. Trustee Has Shown Cause to Convert or Dismiss this Case

The Debtor's argument that the U.S. Trustee has not shown cause to dismiss or convert this case fails. In its Response, the Debtor explains why the conduct that constitutes cause was undertaken and in so doing admits that cause exists. Rationalizing that conduct does negate the cause. To the contrary, by explaining why the Debtor engaged in the prohibited conduct, the Debtor admits that the conduct took place and that cause to convert or dismiss exists.

## II. The Debtor Cannot Meet the Stringent Requirements to Avoid Dismissal or Conversion of this Case

Because the U.S. Trustee has established cause to convert or dismiss this case, the burden falls to the Debtor to establish the requirements of §1112(b)(2) to avoid dismissal or conversion. 11 U.S.C. §1112(b)(2). The Debtor's argument that it meets the multi-part test of §1112(b)(2) to avoid dismissal or conversion of its case falls short.

Once cause has been established, "dismissal is mandatory" unless the Debtor can meet "its burden to establish the exceptions in section 1112(b)(2)." *In re Aurora Memory Case, LLC*, 589 B.R. 631, 642 (Bankr. N.D. Ill. 2018). Section 1112(b)(2) provides:

> **(2)** The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> **(i)** for which there exists a reasonable justification for the act or omission; and

2

> **(ii)** that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. §1112(b)(2). The requirements to avoid dismissal or conversion are conjunctive and the Debtor must meet all the requirements of §1112(b)(2) or it fails to meet its burden. *In re Delta AG Group, LLC*, 596 B.R. 186, 196 (Bankr. W.D. La. 2019). The Debtor cannot meet its burden in this case.

### The Debtor Cannot Show Unusual Circumstances

The Debtor has not alleged and cannot illustrate unusual circumstances in this case. Although not defined, "unusual circumstances" "contemplates conditions that are not common in most chapter11 cases." *See*, *In re Triumph Christian Ctr., Inc.*, 493 B.R. 479, 490 (Bankr. S.D. Tex 2013) (citations omitted). This case no different than most chapter 11 cases. Indeed, the Debtor has not shown anything that makes this case different than other cases. To the contrary, the Debtor relies on justification for the activities giving rise to "cause" rather than showing unusual circumstances. The Debtor cannot show that this case has unusual circumstances, so it must be converted or dismissed.

### The Debtor Cannot Confirm a Plan Within a Reasonable Amount of Time

The Debtor has not shown that it will be able to confirm a plan within a reasonable amount of time. 11 U.S.C. §1112(b)(2)(A). The Debtor's current plan is not confirmable because it has significant deficiencies, including feasibility. Despite having a non-confirmable plan on file, in its Response, the Debtor argues that is has two contracts that will contribute over $600,000 in profit to the estate – insinuating that it will be able to propose a confirmable plan. *See* Response at p. 11. One of the contracts the Debtor references in the Response is the Kachi contract. The Debtor has been informing the parties in interest that execution of the Kachi

3

contract has been imminent for months. But it has never been executed. Indeed, at the initial presentment date of the Motion, the Debtor asked to continue the Motion because execution of the Kachi contract was imminent and would provide a large cash inflow to the estate. The contract was not signed at that time and, to the best of the U.S. Trustee's knowledge, still has not been signed. The creditors should not be required to wait forever for events to occur which might render a plan confirmable. The current posture of this case has a Debtor with an unconfirmable plan and that stature cannot save this Debtor.

Further, this subchapter V case has been pending for over five months and the Debtor has not entered into one contract to increase revenue.[1] As will be discussed below, the Debtor has not increased its estate, it has only diminished it. Accordingly, the Debtor cannot show that it can confirm a plan in a reasonable amount of time. Because the Debtor cannot meet its burden on this facet of its §1112(b) defense, the case must be dismissed or converted.

**The Debtor Has a Substantial and Continuing Loss and Has an Absence of a Reasonable Likelihood of Rehabilitation**

The Debtor has an absence of a reasonable likelihood of rehabilitation coupled with a substantial and continuing loss. 11 U.S.C. §1112(b)(2)(A).

There is an absence of a likelihood of rehabilitation in this case. To date, the Debtor has had insufficient funds to propose a confirmable plan. Although the Debtor argues otherwise in its Response (*see*, Response at 11), the Debtor has provided nothing to show it can rehabilitate. Instead, it continues to rely upon the expect execution of the Kachi contract. However, the Debtor has indicated for months that it was about to enter into the Kachi contract. The Debtor

---

[1] At the initial presentment date, the Debtor requested a continuance with respect to the Motion until after October concluded because it had planned to receive a substantial cash payment during October. It is now past the middle of December, and it appears that the payment has not been received (or if the Debtor will ever become entitled to any payment).

4

first included the Kachi account receivable in the Debtor's Monthly Operating Report for the month ending August 31, 2022, in which the Debtor's accounts receivable increased to $7,550,661.90. Debtor's Monthly Operating Report for the month ending August 31, 2022 [Dkt No. 46]. Despite those many pronouncements and the inclusion of the Kachi contract as an accounts receivable, as of the filing of the Response, the Debtor had not entered into the Kachi contract and was not owed anything.

Additionally, the Debtor has been operating at a substantial or continuing loss to this estate. Initially, the Debtor's significantly late filed Monthly Operating Report for the month ending July 31, 2022, showed an increase in the Debtor's cash from approximately $1,200 to approximately $40,655. *See* Debtor's Monthly Operating Report for the month ending July 31, 2022 [Dkt No. 45]. However, the Debtor received significantly more income during July 2022, but used that money to make payments to insiders and to pay other unauthorized pre-petition obligations. Starting with the Monthly Operating for the month ending August 31, 2022, the Debtor has shown significant cash losses each month. For the Monthly Operating Report for the month ending August 31, 2022, the Debtor indicated it had approximately $21,100 in cash – a decrease of approximately $19,000 from the July month end. *See*, Debtor's Monthly Operating Report for the month ending August 31, 2022. The Debtor's loss of cash has continued through this case. In the Debtor's Monthly Operating Report for the month ending October 31, 2022, the Debtor shows a final cash balance of approximately $5,000. *See* Debtor's Monthly Operating Report for the month ending October 31, 2022 [Dkt No. 64].[2] Since the end of July 2022, the Debtor has lost approximately $35,000 in cash. Additionally, the Debtor's Monthly Operating Report for the month ending October 31, 2022, reported a significant jump in accounts payable

---

[2] The monthly operating report for November 2022 is not yet due and has not yet been filed. It is expected that it will show no significant increase in cash.

from approximately $3,500 at the end of September to approximately $20,500 at the end of October. *Compare*, the Debtor's Monthly Operating Report for the month ending September 30, 2022 [Dkt No. 59] with the Debtor's Monthly Operating Report for the month ending October 31, 2022. The large increase in accounts payable shows further erosion of this estate.

As explained above, there is no substantial likelihood that the Debtor will be able to increase its cash position. Although the Debtor argues that it has two contacts, one signature ready and once close to signature ready, the Debtor has indicated for months that contracts would be signed and it would receive income. Despite those assurances, in the five months this case has been pending, no contract has been signed and no significant income has been received from any new contract.[3]

Because the Debtor has a continuing and substantial loss to its estate and because it cannot confirm a plan within a reasonable time, it cannot meet its burden and this case should be converted or dismissed. Additionally, because the cause to dismiss this case falls within "cause" set forth in §1112(b)(4)(A), no explanation for the Debtor's conduct can be considered.

**The Debtor Cannot Provide a Reasonable Justification for Its Actions and Cannot Cure the Ramification of those Actions**

Because the Debtor has a substantial and continuing loss to the estate and there is the absence of a reasonable likelihood of rehabilitation the Debtor cannot explain away its misconduct. 11 U.S.C. §1112(b)(2): *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 177 (B.A.P. 1st Cir. 2016). Nevertheless, it attempts to do so. That attempt does not succeed.

The Debtor's predominant argument is that although it was represented by counsel throughout this case, its decision makers did not know that they could not make payment on pre-petition obligations. This argument is coupled with an argument that, at least with respect to the

---

[3] It is unclear whether the Debtor would be required to obtain court approval for any new contract.

insider payments, that some portion of the payments was made to reimburse payments made by those insiders on behalf of the Debtor. Neither argument is a reasonable justification for the Debtor's actions. It is difficult to understand how a debtor in bankruptcy does not understand one of the fundamental and core purposes of bankruptcy – the automatic stay – and that it does not have to pay pre-petition obligations.

The Debtor also argues that the payments were appropriate, or at least not fatal to this case, because some were made on priority debt and will be deducted from claims, or were made to insiders to reimburse them for payment of the Debtor's prepetition expenses. None of these arguments is persuasive. If the payments were made on account of priority debt, the Debtor should have filed a motion to approve the payments. It is both common and customary for debtors to file motions to pay certain priority claims, which motions are routinely granted. Moreover, a substantial portion of the payments to Mr. Walters was made on account on general unsecured debt. Under no circumstances would those payments have been approved. Indeed, by paying those obligations on behalf of the Debtor, Mr. Walters made himself an unsecured creditor of the estate who is bound to the priority scheme and payment mechanisms of the Bankruptcy Code.

Not only are the payments unexcused, but in its Response, the Debtor admits that the payments made to insiders and others cannot or will not be recovered. With respect to the priority payments (generally for wages), the Debtor indicates that they will be deducted from claims paid through any plan. With respect to the payments to Mr. and Ms. Walters, the Debtor indicates that those payments will not be recovered. In lieu of repaying the estate, the Debtor indicates that Mr. and Ms. Walters will not receive salary while the Debtor reorganizes and will waive the balance of their claims. That is not sufficient.

7

Additionally, the Debtor recognizes its obligation to amend its schedules and statement of financial affairs but has chosen not to do so in light of the Motion. The Debtor has obligations to this estate and its creditors. The first obligation was to file correct schedules and statement of financial affairs. Failing that, the Debtor cannot simply delay filing necessary amendments until it wants to do so. As a debtor, the Debtor has disclosure obligation to its creditors and this Court. It cannot merely determine how, in its own opinion, it is best to proceed while keeping information behind a veil of secrecy. And, it does so while arguing that this Court should forgive its earlier error and omissions.

The Debtor has tried to explain away many of the acts or omissions complained of in the Motion. However, because the Debtor has a substantial and continuing loss and there is an "absence of a reasonable likelihood of rehabilitation" the Debtor cannot meet its burden and no justification is available to the Debtor. Nonetheless, the Debtor supposed justification is insufficient and the Debtor has admitted that the conduct will not be cured.

### III. Conversion Is Appropriate in This Case

Conversion of this case to one under Chapter 7 is in the best interest of the creditors. Debtor argues that nothing would be available for creditors if the case were converted, but that is not necessarily correct. There are claims and causes of action against people and entities that received potentially fraudulent transfers or preferences. Those claims are not subject to the secured creditors liens, and any recovery would benefit unsecured creditors. Conversion would allow a chapter 7 trustee to investigate and determine whether to bring those claims.

## CONCLUSION

For the foregoing reasons, this Court should convert this case to one under Chapter 7, or, in the alternative, dismiss it.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
U. S. TRUSTEE


*/s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327
